IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROCHELLE JEAN WRIGHT,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:06-CR-834 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will deny the Motion without prejudice.

I.  BACKGROUND

A five-count Indictment was brought against Defendant on November 29, 2006. Counts I, II, and III of the Indictment charged the Defendant with Bank Fraud, violations of 18 U.S.C. §

---

[1]Docket No. 118.

1

1344. Counts IV and V charged the Defendant with Aggravated Identity Theft, violations of 18 U.S.C. § 1028A.

On February 23, 2007, Defendant pleaded guilty to Counts II and IV of the Indictment. Defendant was sentenced on May 7, 2007, to a period of 34 months in the custody of the Bureau of Prisons ("BOP"), to be followed by a 60-month term of supervised release. Pursuant to the Judgment in this case, Defendant was ordered to pay $23,174.91 in restitution.[2] The Judgment also provided that upon her release from incarceration Defendant must pay $390 per month towards her restitution obligations.[3]

On October 15, 2009, a Petition and Order was issued by this Court based on allegations that Defendant had violated the terms of her release. On March 15, 2010, Defendant admitted violating the terms of her supervised release and her supervised release was revoked. On the same day, she was sentenced to two months in the custody of the BOP and 55 months of supervised release for a violation of the conditions of the terms of her original supervised release. On April 18, 2010, she was referred to this district's RISE program. Defendant successfully completed the RISE program and received a 12-month reduction to her 55 month term of supervised release.[4]

---

[2] Docket No. 18, at 5.

[3] *Id*. at 6.

[4] *See* Docket No. 115.

Defendant now moves to terminate that supervision. The Government objects to the Motion on the grounds that Defendant has failed to account for the high amount of restitution for which Defendant is responsible.

Defendant has completed nearly 27 months of her now 43-month term of supervised release. In her Motion, Defendant indicates that she has: (1) complied with all the requirements of supervised release; (2) successfully graduated from the RISE drug treatment program; and (3) continued to attend RISE group counseling sessions to ensure that she is vigilant about dealing with her addiction. Defendant moves the Court to terminate her supervision terms so that she can leave the state to avoid on-going issues with her family. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of her supervised release.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Defendant has taken great strides in dealing with her drug addiction. Defendant has performed admirably in completing the RISE drug program and the Court is encouraged that Defendant continues to attend RISE group counseling sessions. Because of Defendant's

excellent performance in the RISE program, this Court previously granted Defendant a 12-month reduction in her supervised release term.

The Court is concerned with the outstanding restitution amount owed in this matter. Defendant indicates that she has been unable to make payments towards that amount because she does not have the ability to pay. According to the supervising officer in this matter, Defendant has been working at least part time and has been in and out of school. The Court is aware of Defendant's on-going family issues. However, Defendant's failure to make any regular restitution payments leaves the Court with little assurance that she will take positive steps to pay back her restitution.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is not yet warranted by the conduct of the offender and in the interest of justice.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 118) is DENIED WITHOUT PREJUDICE. Defendant may re-file a motion for early termination for this Court's consideration after submitting a financial statement and entering into a payment agreement with the Government as provided for in the Government's Objection.[5]

---

[5] *See* Docket No. 119.

DATED   August 29, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge